**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**TERRY POOL,**

    **Plaintiff,**                                    **CV F 05 0639 LJO WMW P**

    **vs.**                                              **ORDER RE: FINDINGS & RECOMMENDATIONS (#36)**

**ROBERT HARO, et al.,**

    **Defendants.**

        **Plaintiff is a federal prisoner proceeding pro se in this civil rights action. By order filed October 6, 2006, the District Court adopted the findings and recommendations of the Magistrate Judge, dismissing claims 1,2,3,5 and 7 for failure to state a claim.[1]  The Magistrate Judge recommended dismissal of the remaining counts for failure to exhaust available administrative remedies prior to filing suit.  The District Court granted Plaintiff leave to file an amended complaint to eliminate the unexhausted claims. As noted in the March 6, 2006, recommendation of dismissal, claim six is a re-articulation of the fourth claim, which was dismissed for failure to exhaust.  There are no remaining unexhausted claims.  This action should therefore be dismissed.**

---

[1] The March 9, 2006, finding and recommendation indicated that claim six is a re-articulation of Plaintiff's fourth claim.

1

1    **Accordingly, on March 8, 2007, findings and recommendations were entered, recommending dismissal of the remaining claims for failure to exhaust before filing suit. On April 9, 2007, Plaintiff filed objections to the findings and recommendations.**

4    **In his objections, Plaintiff concedes that he has failed to exhaust the claims at issue, and argues that he falls within the exceptions referred to in McCarthy v. Madigan, 503 U.S. 140 (1992).  In Booth v. Churner, 532 U.S. 731 (2001).  The Supreme Court, in addressing the question of whether a prisoner need exhaust available remedies when monetary damages are unavailable, held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Id. at 1821. Booth further noted that Courts do not have discretion under § 1997e(a) to excuse exhaustion when it would not be appropriate and in the interests of justice.  Booth, 732 U.S. at 741, n5.  Nor should they read "futility or other exceptions into § 1997e(a).  Id. n6.**

13   **Accordingly, IT IS HEREBY ORDERED that:**

14   **1. The March 8, 2007, findings and recommendations are adopted in full.**

15   **2.  Claims 1,2,3,5 and 7 are dismissed for failure to state a claim upon which relief can be granted.**

17   **3.  Claims 4 and 6 are dismissed for failure to exhaust available administrative remedies prior to filing suit.  The Clerk is directed to close this case.**

23   IT IS SO ORDERED.

24   **Dated:   June 1, 2007**                    /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE